# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALVIN R. SIMMONS, JR., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 16-1032 |
| | ) | |
| v. | ) | Judge Cathy Bissoon |
| | ) | |
| JUSTIN HANNA, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM ORDER

For the reasons that follow, this case will be dismissed, with prejudice, *sua sponte*, pursuant to the provisions of 28 U.S.C. § 1915, as being frivolous, and for failing to state a claim on which relief may be granted.

Having been granted leave to proceed *in forma pauperis* ("IFP"), Plaintiff is subject to the screening provisions in 28 U.S.C. § 1915(e). See Atamian v. Burns, 2007 WL 1512020, *1-2 (3d Cir. 2007) ("the screening procedures set forth in [Section] 1915(e) apply to [IFP] complaints filed by prisoners and non-prisoners alike") (citations omitted). Under that statute, the Court is required to dismiss any action that is frivolous or malicious, fails to state a claim upon which relief can be granted, or that cannot or should not proceed on the merits. 28 U.S.C. § 1915(e)(2)(B); Fedee v. Dow, 2012 WL 5472120, *2 (D. N.J. Nov. 8, 2012) (citations omitted); see Collins v. Cundy, 603 F.2d 825, 828 (10th Cir. 1979) ("[T]here is no constitutional right to the expenditure of public funds and the valuable time of the federal courts to prosecute an action that is totally without merit.").

Plaintiff's lawsuit stems from his arrest relating to an incident in a Citizens Bank on or about October 6, 2015.[1] Sec. Am. Comp. (Doc. 9) at 2. Plaintiff has filed three separate civil complaints in this action. He submitted the first as an attachment to his initial Motion to Proceed *in forma pauperis* naming Justin Hanna and Citizens Bank (the "Bank") as Defendants. (Doc. 3). He submitted the second on September 30th, seeking to add additional parties, namely Postal Inspector, Cathy Wolf, his court-appointed attorney, Stephen Israel, and the Assistant United States Attorney prosecuting his criminal case, Gregory Melucci. (Doc. 8). Perhaps recognizing that his claims against the Government actors would not succeed, Plaintiff submitted a third Complaint on October 13, 2016, which appears to be a copy of the original complaint -- without the three additional Defendants named in the second complaint -- but with an additional request relating to alleged false testimony given by Defendant Hanna to the Grand Jury. (Doc. 9).

Under the Federal Rules of Civil Procedure, an amended complaint supersedes the original complaint, rendering the original complaint inoperative. Fed. R. Civ. P. 15(a); see also Effect of an Amended Pleading, 6 Fed. Prac. & Proc. Civ. § 1476 (3d ed.). Accordingly, only the document submitted on October 13, 2016, and filed at Docket entry 9 functions as the operative complaint in this action. The caption of that complaint includes no references to the additional parties Plaintiff sought to include in the First Amended Complaint, specifically, the arresting officer and attorneys.

In his Complaint, Plaintiff alleges deprivation of his civil and constitutional rights. Specifically, Plaintiff alleges that his civil rights were violated by an employee of the Bank and by the Bank itself when he tried to open a bank account. He alleges that because he is a "black

---

[1] The criminal case against Mr. Simmons is proceeding at Criminal Action No. 16-70, before U.S. District Judge Donetta W. Ambrose.

gay man in America he was investigated by the Fraud Officer Justin Hanna." Doc. 9 at 2. He seems to claim that the investigation and subsequent arrest were based on false evidence provided by Defendant Hanna to the Grand Jury. Doc. 9 at 2-3.

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must meet two threshold requirements: first, the alleged misconduct giving rise to the cause of action must have been committed by a person acting under color of state law; and second, the defendant's conduct must have deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled in part on other grounds, Daniels v. Williams, 474 U.S. 327, 330-331 (1986); see Great Western Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 175-76 (3d Cir. 2010) ("To prevail on a §1983 claim, a plaintiff must allege that the defendant acted under color of state law, in other words, that there was state action.") (citation omitted).

In the operative Complaint, Plaintiff has not alleged that any Defendant is a state actor. Nor does a plausible reading of the Second Amended Complaint create an inference that any Defendant is acting under the color of state law. Accordingly, Defendant has failed to state a claim for which relief can be granted.[2] Moreover, as it is clear from the Court's review of the

---

[2]  The Court, however, would reach the same conclusion regarding the frivolous nature of Plaintiff's action if he included government officials in the Second Amended Complaint. That AUSA Melucci and Inspector Wolf are government officials acting under the color of state law does not alter the Court's ultimate conclusion, it simply changes its analysis. Plaintiff's allegations in the First Amended Complaint seem to suggest Plaintiff intended to bring a claim for False Arrest, presumably under federal law. Those claims against an arresting officer and a prosecutor would fail.

In order to establish a claim for false arrest, a plaintiff must show that he was arrested without probable cause. Orsatti v. N.J. State Police, 71 F.3d 480, 482 (3d. Cir. 1995) (citing Papachristou v. City of Jacksonville, 405 U.S. 156, 169 (1972)). Here, Plaintiff was arrested following a Grand Jury return of an indictment, thus establishing probable cause for the arrest. See Kalina v. Fletcher, 522 U.S. 118, 129 (1997) (noting that a grand jury indictment satisfies
(continued. . .)

3

entire record in this case, including the First Amended Complaint and the underlying criminal case at Criminal Action No. 16-70, any leave to amend would be futile, dismissal will be with prejudice. See Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 251 (3d Cir. 2007).

    IT IS SO ORDERED.

October 25, 2016                                                        s/Cathy Bissoon
                                                                          Cathy Bissoon
                                                                          United States District Judge

cc (via ECF email notification):

All Counsel of Record

cc (via First-Class U.S. Mail):

Alvin R. Simmons, Jr.
#06144-068
NEOCC
2240 Hubbard Road
Youngstown, OH 44505

---

the Fourth Amendment's requirement that an arrest warrant must be based on probable cause). Moreover, on October 20, 2016, Plaintiff pleaded guilty to one of the charges in the Superseding Indictment against him. See (Doc. 64 at Criminal Action No. 16-70). Accordingly, the Court has no doubts that there existed probable cause to arrest Plaintiff on the charges in the original and superseding Indictments against him.

    Finally, a prosecutor is entitled absolutely immune from suit when he/she acts within the scope of his/her duties in initiating and pursuing a criminal prosecution. Imbler v. Pachtman, 424 U.S. 409, 410 (1976). While Plaintiff is not clear in the First Amended Complaint as to how AUSA Melucci's conduct violated his constitutional rights, it does appear that he was engaged in traditional prosecutorial duties of initiating and pursing a criminal prosecution at all times. Accordingly, AUSA Melucci would be absolutely immune from suit.